IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01172-CMA-KLM

JENNIFER PERINN,

    Plaintiff,

v.

CITY OF COMMERCE CITY, STATE OF COLORADO,
PHILLIP BACA, individually and in his official capacity as a Commerce City Police Officer,
COMMERCE CITY POLICE DEPARTMENT, an agency, bureau, department of the City of Commerce City, State of Colorado,
NICHOLAS CARR, individually and in his official capacity as a Commerce City Police Officer,
GILMORE, individually and in his official capacity as a Commerce City Police Officer,
JAMES QUEISNER, individually and in his official capacity as a Commerce City Police Officer,
WALKINSHAW, individually and in his official capacity as a Commerce City Police Officer,
KEVIN WOOD, individually and in his official capacity as a Commerce City Police Officer,
ERIC EWING, individually and in his official capacity as a Commerce City Police Officer,
BRANDON ZBOROWSKI, individually and in his official capacity as a Commerce City Police Officer,
ROB MCCOY, individually and in his official capacity as a Commerce City Police Officer,
KEVIN LORD, individually and in his official capacity as a Commerce City Police Officer, and
JEREMY JENKINS, individually and in his official capacity as a Commerce City Police Officer,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Dismiss** [Docket No. 11; Filed September 9, 2012] (the "Motion"). In the Motion, Plaintiff seeks to dismiss her claims against Defendant Commerce City Police Department ("CCPD").

Plaintiff, who proceeds in this matter *pro se*, does not provide authority for the Court to grant her request.  The Tenth Circuit has not provided guidance on the appropriate method of dismissing all claims against a single defendant in a multi-defendant lawsuit. *See Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 1793388, at *4 (N.D. Okla. May 11, 2011).  However, a majority of circuit courts have concluded that Fed. R. Civ. P. 41 may be used to accomplish such a request.  *See id.* at *3-4 (collecting cases).  Accordingly, as the court did in *Southcrest* when faced with a similar issue, the Court will address Plaintiff's request in the context of Fed. R. Civ. P. 41. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (stating that a court may recharacterize a motion filed by a *pro se* litigant).

Pursuant to Fed. R. Civ. P. 41(a)(1)(A), a plaintiff may unilaterally dismiss an action if she files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  As of the date of this Recommendation, Defendant CCPD has filed neither an Answer nor a Motion for Summary Judgment.  Thus, Plaintiff is entitled to unilaterally dismiss her claims in their entirety against Defendant CCPD.  *See Preston v. Capital One Auto Finance, Inc.*, No. 10-cv-00073-ZLW-KLM, 2010 WL 2004697, at *3 n.5 (D. Colo. May 19, 2010).  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#11] be **GRANTED** and that Plaintiff's claims against Defendant CCPD be dismissed from this lawsuit.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 26, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge